UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICIA C.,[1]

                         Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
_____

<u>DECISION & ORDER</u>

20-CV-1255MWP

## **<u>PRELIMINARY STATEMENT</u>**

Plaintiff Patricia C. ("plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her applications for Disability Insurance Benefits and Supplemental Security Income ("DIB/SSI"). Pursuant to the Standing Order of the United States District Court for the Western District of New York regarding Social Security cases dated June 29, 2018, this case has been assigned to, and the parties have consented to the disposition of this case by, the undersigned.

Currently before the Court are the parties' motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, both seeking remand of this matter. (Docket ## 15, 19). For the reasons set forth below, I hereby vacate the decision of the Commissioner and remand this claim for further administrative proceedings consistent with this decision.

---

[1] Pursuant to the November 18, 2020 Standing Order of the United States District Court for the Western District of New York regarding identification of non-governmental parties in social security opinions, the plaintiff in this matter will be identified and referenced solely by first name and last initial.

## **DISCUSSION**

**I.      Standard of Review**

This Court's scope of review is limited to whether the Commissioner's determination is supported by substantial evidence in the record and whether the Commissioner applied the correct legal standards. *See Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) ("[i]n reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision"), *reh'g granted in part and denied in part*, 416 F.3d 101 (2d Cir. 2005); *see also Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) ("it is not our function to determine *de novo* whether plaintiff is disabled[;] . . . [r]ather, we must determine whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard") (internal citation and quotation omitted). Pursuant to 42 U.S.C. § 405(g), a district court reviewing the Commissioner's determination to deny disability benefits is directed to accept the Commissioner's findings of fact unless they are not supported by "substantial evidence." *See* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive"). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation omitted).

To determine whether substantial evidence exists in the record, the court must consider the record as a whole, examining the evidence submitted by both sides, "because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). To the extent

they are supported by substantial evidence, the Commissioner's findings of fact must be sustained "even where substantial evidence may support the claimant's position and despite the fact that the [c]ourt, had it heard the evidence *de novo*, might have found otherwise." *Matejka v. Barnhart*, 386 F. Supp. 2d 198, 204 (W.D.N.Y. 2005) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983)).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the ALJ must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

(1) whether the claimant is currently engaged in substantial gainful activity;

(2) if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";

(3) if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;

(4) if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his or her past work; and

(5) if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d at 383 (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

II.     **Procedural History**

       Plaintiff filed for DIB/SSI on September 9, 2013.  (Tr. 413).[2]  Those applications were denied by an ALJ on August 17, 2016.  (Tr. 208-16).  On March 2, 2017, the Appeals Council remanded the case for further administrative proceedings.  (Tr. 222-25). Following remand, on September 20, 2017, the ALJ concluded that plaintiff was not disabled. (Tr. 10-20).  On July 6, 2018, the Appeals Council denied further review, and plaintiff commenced an action seeking review of the determination in federal court.  (Tr. 1-3; 18-CV-0961G).  On August 26, 2019, the district court entered a Stipulation and Order for Remand, pursuant to an agreement by both parties.  (Tr. 1093-1094).

       On September 27, 2019, the Appeals Council remanded the case for further proceedings regarding issues unrelated to the issues currently pending before this Court, and, on May 18, 2020, the ALJ concluded that plaintiff was not disabled.  (Tr. 946-62, 1014-1015). Plaintiff commenced this lawsuit on September 10, 2020.  (Docket # 1).

---

[2] The administrative transcript (Docket # 12) shall be referred to as "Tr. ___," and references thereto utilize the internal Bates-stamped pagination assigned by the parties.

### III.   ALJ's Decision

In his decision, the ALJ followed the required five-step analysis for evaluating disability claims. Under step one of the process, the ALJ found that plaintiff had engaged in substantial gainful activity between May and December 2019, but also had experienced a continuous 12-month period during which she had not engaged in substantial gainful activity. (Tr. 949). At step two, the ALJ concluded that plaintiff had the severe impairments of "aortic aneurysm; obstructive sleep apnea; chronic obstructive pulmonary disease ("COPD"); left elbow fracture/dislocation post-surgical repairs; obesity; low back impairment and left knee status-post arthroscopic repair." (*Id.*). The ALJ concluded that plaintiff also suffered from other impairments that were not severe. (Tr. 949-50). At step three, the ALJ determined that plaintiff did not have an impairment (or combination of impairments) that met or medically equaled one of the listed impairments. (Tr. 950).

The ALJ concluded that plaintiff retained the RFC to perform light work with certain limitations. (Tr. 951). Specifically, plaintiff could frequently stoop, kneel, crouch, crawl, balance, work around moving mechanical parts, and climb ramps and stairs, could occasionally be exposed to environmental extremes, but should avoid concentrated exposure to respiratory irritants and would be unable to climb ladders, ropes or scaffolds. (*Id.*). With respect to plaintiff's left, non-dominant arm and hand, she could frequently handle and finger and occasionally push, pull and reach, but would be unable to perform any overhead reaching. (*Id.*).

At steps four and five, the ALJ found that plaintiff was unable to perform her past relevant work but that other jobs existed in the national economy that plaintiff could perform, including the positions of usher, furniture rental clerk, and school bus monitor. (Tr. 957-59). Accordingly, the ALJ found that plaintiff was not disabled. (Tr. 959).

## IV.  The Parties' Contentions

Plaintiff contends that the ALJ's determination that she is not disabled is not supported by substantial evidence and is the product of legal error.  (Docket # 15-1). Accordingly, plaintiff seeks judgment in her favor or, in the alternative, remand for further administrative proceedings, including a new hearing.  (Docket # 15).  Plaintiff asserts that the record lacks a medical opinion assessing her limitations after her 2017 and 2018 surgeries but before her May 2019 return to gainful employment.  (Docket # 15-1 at 10-16).  This gap in the record, according to plaintiff, renders the ALJ's physical RFC unsupported by substantial evidence.  (*Id.*).  Plaintiff also maintains that the ALJ erred by ignoring her counsel's request during the hearing that the ALJ consider a closed period of disability between her alleged onset date of July 1, 2013 through her return to work in May 2019.  (*Id.*).

The Commissioner agrees that remand for further proceedings is warranted, but maintains that plaintiff has failed to establish that she is entitled to a remand for calculation of benefits.[3]  (Docket # 19-1).  According to the Commissioner, there is a gap in plaintiff's medical treatment records between June 2, 2017 and May 2019,[4] during which time plaintiff was recovering from a May 31, 2017 knee surgery and underwent and recovered from an October 2018 left-elbow surgery.  (*Id.*).  The Commissioner argues that this gap makes it difficult to determine plaintiff's level of functioning during this period and leaves the ALJ's physical RFC determination unsupported by substantial evidence.  (*Id.*).  The Commissioner further agrees

---

[3] Counsel for the Commissioner represents that the Commissioner offered to stipulate to remand this matter but acknowledges that counsel for plaintiff could not agree due to counsel's inability to contact the plaintiff. (Docket # 19-1 at 1).

[4] The Commissioner acknowledges that the record contains two cardiothoracic treatment notes, the first from September 2017, and the second from November 2018. (*Id.*).  The parties also acknowledge that plaintiff had an additional consultative evaluation in December 2019 after returning to gainful employment but maintain that this evaluation sheds little light on plaintiff's capabilities prior to her return to work.

with plaintiff that the ALJ erred by failing to consider plaintiff's request that the ALJ consider a closed period of disability. (*Id.* at 5-6).

V.     **Analysis**

As noted above, the parties agree that there is a gap in the plaintiff's medical treatment records between June 2017 and May 2019 and that the ALJ erred by not considering a closed period of disability, despite plaintiff's request that he do so. Given the parties agreement, the only issue before the Court is whether to remand for calculation of benefits or for further factual development of the record. *See Rivera-Maysonet v. Comm'r of Soc. Sec.*, 2020 WL 813306, *3 (W.D.N.Y. 2020) ("[b]ecause the Commissioner has conceded that remand . . . is warranted here, the only question that this [c]ourt needs to decide is whether reversal and remand for calculation of benefits is the appropriate remedy in this case"). It is well-settled that remand for further development of the record rather than for calculation of benefits is generally the appropriate remedy to address a gap in the record. *See Butts*, 388 F.3d at 385 ("[i]n deciding whether a remand is the proper remedy, we have stated that where the administrative record contain gaps, remand to the Commissioner for further development of the evidence is appropriate"); *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999) ("[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard, we have, on numerous occasions, remanded to the Commissioner for further development of the evidence") (internal quotations and brackets omitted); *Johnson v. Kijakazi*, 2021 WL 5513491, *16 (S.D.N.Y. 2021) ("where there is a basis to conclude that a more complete record might support the Commissioner's decision, remand for calculation of benefits would not be appropriate, and the court instead should remand for further proceedings") (internal quotations omitted). Remand

for further proceedings is likewise the appropriate course where an ALJ has ignored a claimant's request to consider a closed period of disability.  See *Johnson v. Kijakazi*, 2021 WL 5513491 at *17 ("[e]ven assuming that plaintiff is entitled to DIB for a closed period, a determination will have to be made as to when that period began and when it ended[;] [t]his is a fact-intensive analysis best suited for the ALJ in the first instance"); *Sandra Lee M. v. Comm'r of Soc. Sec.*, 541 F. Supp. 3d 277, 283-84 (W.D.N.Y. 2021) ("[i]t is particularly necessary for the ALJ to consider whether a closed period of disability existed where the record shows that plaintiff's condition has improved significantly over time as the result of a discrete event, such as surgery[;] . . . the ALJ's failure to consider whether that was the case requires remand"); *Robinson v. Saul*, 2020 WL 652515, *8 (D. Conn. 2020) (remanding to permit ALJ to consider closed period of disability); *Smith v. Berryhill*, 2018 WL 4565144, *4 (S.D.N.Y. 2018) ("the [c]ourt directs the ALJ on remand to consider expressly whether . . . [plaintiff] was disabled for any period of time greater than 12 months following the onset of her disability[;] . . . [t]he ALJ may find upon review of the record as a whole that there is no closed period of disability[, but] [f]rom the present record, . . . it is not clear that the ALJ considered a closed period of disability at all").

      Applying this authority, I find that remand for consideration of a closed period of disability and further development of the record is warranted.  Specifically, the ALJ should consider obtaining all of plaintiff's treatment records between June 2017 and May 2019 and, if possible, an opinion from a medical source regarding plaintiff's functional limitations prior to her return to gainful employment in May 2019.  On remand, the ALJ should also consider a closed period of disability between July 1, 2013 and May 1, 2019.

**CONCLUSION**

For the reasons stated above, the parties' motions for judgment on the pleadings **(Docket ## 15, 19)** are **GRANTED** to the extent that the Commissioner's decision is reversed, and this case is remanded to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four, for further administrative proceedings consistent with this decision.

**IT IS SO ORDERED.**

<i>s/Marian W. Payson</i><br>
MARIAN W. PAYSON<br>
United States Magistrate Judge

Dated: Rochester, New York
       June 30, 2022